IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| INTERNATIONAL PAPER CO. <br> d/b/a XPEDX and <br> d/b/a MIDWESTERN PAPER CO., <br><br> Plaintiff, <br><br> v. <br><br> MARC B. STRID, <br> MARVA D. STRID, <br> MICHAEL D. CURRY, and <br> MICHAEL R. GRAY, <br> d/b/a MIDWESTERN ENTERPRISES, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 05-4069-CV-C-NKL |

**ORDER**

Pending before the Court is Defendants' Motion to Dismiss [Doc. # 8]. For the reasons set forth below, the Court grants Defendants' Motion.

**I.     Background**

**A.     Earlier Action**

In January 2005, Defendants Michael Curry ("Curry") and Michael Gray ("Gray") filed a petition against International Paper Company ("International Paper") in the Circuit Court for Boone County, Missouri. Curry and Gray sought damages from International Paper for breach of contract, unjust enrichment, equitable estoppel, and the common law torts of negligent and intentional misrepresentation.

In early February 2005, International Paper removed that case to this Court

1

pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332. A few weeks later, in March 2005, Curry and Gray voluntarily dismissed that case without prejudice.

On March 7, 2005, after Curry and Gray had voluntarily dismissed their case in federal court, International Paper's counsel contacted counsel for Curry and Gray to inquire about the status of the dispute. The attorney for Curry and Gray indicated that they intended to re-file their claim in state court and name additional defendants. Specifically, Curry and Gray intended to name the following International Paper employees as defendants in their next state lawsuit: Robert Walker ("Walker"), James Hamrick ("Hamrick"), and Richard Staley ("Staley"). The addition of those defendants would destroy diversity, preventing federal jurisdiction.

**B.      Current Action**

After learning that Curry and Gray intended to file in state court again, International Paper preemptively filed the current case against Curry, Gray, Marc Strid and Marva Strid ("Defendants") on March 8. In its Complaint, International Paper alleges three counts against Defendants: declaratory judgment, breach of contract, and unjust enrichment. Regarding the first count for declaratory judgment, International Paper seeks an order to determine the liabilities of each party under the lease that was the subject of the initial state court action. Regarding the latter two counts, International Paper seeks affirmative relief against Defendants for violating the terms of the lease.

After International Paper filed its March 8 Complaint, Curry and Gray re-filed their state court petition in the Circuit Court of Boone County, Missouri, on March 11.

2

That action is styled *Michael D. Curry, et al., v. International Paper Co., et al.*, Case No. 05-CV-1007, and includes non-diverse defendants.

### C. Pending Motion

Defendants now seek to dismiss International Paper's federal case, alleging that it was the result of an improper "race to the courthouse" and that Defendants should be allowed to pursue their claims against International Paper in their chosen forum–Missouri state court.

## II. Discussion

Under the Declaratory Judgment Act ("the Act"), district courts have discretion over whether they will entertain declaratory judgment actions. 28 U.S.C. 2201(a) ("[A]ny court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration . . . ."); *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942). Thus, this Court may decline to entertain International Paper's declaratory judgment action against Defendants. According to the Eighth Circuit, the Act is not to be used for "tactical advantage" by parties nor should it be employed "to open a new portal of entry to federal courts for suits that are essentially defensive or reactive to state actions." *Int'l Ass'n of Entrepreneurs of America v. Angoff*, 58 F.3d 1266, 1270 (8th Cir. 1995).

Also, parties should not invoke the Act "to bring to the federal courts an affirmative defense which can be asserted in a pending state action." *Id.* In *BASF Corp. v. Symington*, the Eighth Circuit expounded on this concept and held that where a

3

declaratory judgment action "raises chiefly an affirmative defense, and it appears that granting relief could effectively deny an allegedly injured party its otherwise legitimate choice of the forum and time for suit, no declaratory judgment should issue." 50 F.3d 555, 559 (8th Cir. 1995).

International Paper's declaratory action is primarily an affirmative defense to Curry's and Gray's initial state suit. Moreover, it appears that International Paper's Complaint is intended to thwart Curry's and Gray's attempt to have their case heard in state court. Curry and Gray, in their role as the original plaintiffs, are inherently the natural plaintiffs in this suit and, by virtue of that position, they should have the opportunity to file their cause in their selected forum.

This is so even though Curry and Gray may have named non-diverse defendants in their second state lawsuit for the purpose of preventing this Court's diversity jurisdiction. The Eighth Circuit states that joinder is fraudulent where "there exists no reasonable basis in fact and law supporting a claim against the [non-diverse] defendants." *Filla v. Norfolk Southern Railway Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (citing *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)). If, however, there is a "reasonable basis in fact and law supporting the claim, the joinder is not fraudulent." *Id.*

International Paper concedes in its brief that several of the paragraphs in Curry and Gray's initial state court petition were specifically aimed at individual employees of International Paper and those paragraphs assert misconduct on the part of these employees. These same facts are reasserted in Curry and Gray's second state action; the

4

only difference is that Curry and Gray named the International Paper employees as defendants as well as International Paper. Hence, on the face of the Complaint, it does not appear on this record that there is no reasonable basis in fact or law to support the claims against the employees. Although Curry and Gray may have joined the non-diverse defendants in their second state action for the purpose of evading federal court jurisdiction, that fact is not controlling because the standard in the Eighth Circuit looks to whether the claim has a "reasonable basis" in the state law--not at a party's subjective intent.

The Court's decision to dismiss International Paper's declaratory judgment is further buttressed by the parallel state action doctrine articulated in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942). There, the Supreme Court stated that district courts retain discretion to abstain from hearing a declaratory judgment action that involves a dispute that is the subject of an existing state court action.[1]  *Id.* at 492-96.

While the Supreme Court in *Brillhart* identified several factors to consider to determine whether a declaratory judgment should be dismissed when there is a parallel state action, the one most pertinent to this case is whether state or federal law controls.

---

[1]International Paper alleges that this doctrine is inapplicable because Curry's and Gray's state court action was not existing when International Paper filed its declaratory judgment complaint in this Court. This argument ignores the fact that Curry and Gray had previously filed an action in state court which was involuntarily removed to federal court and Curry and Gray had notified International Paper of their intention to re-file another action in state court before this federal declaratory action was filed by International Paper. Therefore, the Court will consider whether it should abstain in favor of the state court action now filed by Curry and Gray, given the reasoning in *Brillhart*, even though the facts are not identical .

5

Where federal law controls, federal jurisdiction is favored. *See U.S. Fidelity & Guaranty Co. v. Murphy Oil USA, Inc.*, 21 F.3d 259, 263 (8th Cir. 1994).

Although International Paper invokes the Declaratory Judgment Act,[2] it does not allege any independent federal grounds for relief and, instead, asserts common law claims for breach of contract and unjust enrichment that will be controlled by Missouri law. Given that state, not federal, law will control the parties' dispute, it is appropriate that this case be heard by a state court. *Brillhart*, 316 U.S. at 495 ("Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.").

The Court's resolution is particularly appropriate where both parties have facilities and employees located in Boone County and the property that is the subject of the disputed lease is in Boone County. Nearly all of the parties' contacts are with Boone County and the dominance of Missouri common law issues makes this matter better suited for the Boone County Circuit Court.

### B. International Paper's Affirmative Claims

In addition to its declaratory judgment action against Defendants, International Paper's Complaint also contains counts for breach of contract and unjust enrichment.

---

[2]The Act is a procedural statute that does not confer substantive rights to relief nor does it confer jurisdiction. *See State of Missouri ex rel. Missouri Highway and Transportation Comm'n v. Cuffley*, 112 F.3d 1332, 1334 (8th Cir. 1997) (citations omitted).

International Paper's Complaint seeks only $22,344.88 in damages for its affirmative relief. Thus, absent the declaratory judgment controversy which is being dismissed by the Court, International Paper's asserted damages do not satisfy the $75,000 amount in controversy threshold. *See* 28 U.S.C. § 1332(a). Accordingly, the Court will dismiss International Paper's affirmative claims because they fall outside the ambit of this Court's jurisdiction.

## III. Conclusion

Accordingly, it is hereby ORDERED that Defendants' Motion to Dismiss [Doc. # 8] is GRANTED.

<pre>
                                    s/ Nanette K. Laughrey
                                    NANETTE K. LAUGHREY
                                    United States District Judge
</pre>

DATE: August 22, 2005
Kansas City, Missouri